UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LAURA MICHAUD** | * | |
| | * | |
| Plaintiff, | * | Civil action No. _____ |
| | * | |
| v. | * | Section _____ |
| | * | |
| **UNIFIED ASSET SOLUTIONS, LLC** | * | Magistrate _____ |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   Introduction

1. This is the Complaint and Jury Demand brought by an individual consumer under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* and pendent state law claims for unfair debt collection, intentional infliction of emotional distress and invasion of privacy, against defendant Unified Asset Solutions, LLC.

### II.   Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate in this District as a substantial portion of the acts giving rise to this lawsuit occurred in Orleans Parish.

### III.  Parties

3. Plaintiff, Laura Michaud (hereinafter, the "Plaintiff") is a natural person who resides in Orleans Parish, Louisiana, and is an alleged "debtor" as defined by the FDCPA, 15 U.S.C. § 1692a, although she denies that she owes any amount of the alleged "debt."

4. Defendant Unified Asset Solutions, LLC (hereinafter, the "Defendant") is a New York limited liability company that is not authorized to, but is nonetheless doing business in the State of Louisiana. Defendant does not have a registered agent, but according to the New York Department of State, process may be mailed care of Phillips Lytle, LLP, a New York law firm whose Managing Partner is David J. McNamara.

### IV.  Factual Allegations

5. On December 28, 2010, Plaintiff received a voice mail at her home from an individual who identified himself as Joe McKinley. Mr. McKinley stated that his (unnamed) client had scheduled service of process "in regards to a civil complaint" for that Thursday (December 30, 2010) between the hours of 2 pm and 4 pm, and that she should be available with a valid identification in order to complete the service.

6. The message went on to state that if the Plaintiff was not available to receive service at her residence, then "we have confirmation that" the service would be effected at her place of employment the following day.

7. Researching the origins of this message, Plaintiff quickly discovered that this message was from a debt collection company, Defendant herein, as the telephone number left for return calls was and is answered by "Unified Asset." Plaintiff also discovered that

Defendant is not registered with the Louisiana Secretary of State, but the New York Department of State indicates that Defendant was first registered to do business in that state on March 24, 2010, and that all inquiries (and service of process) should be directed to Phillips Lytle, LLP.  Plaintiff also discovered that this exact message was left for purported debtors all over the country and yet, upon information and belief, Defendant does not file lawsuits on behalf of itself or any client it purportedly represents.

8. Fearing the terrible embarrassment that would arise if her employer witnessed any debt collection attempts or service of process, on December 28, 2010, undersigned counsel emailed Defendant, care of Phillips Lytle, LLP, ostensibly to demand that Defendant cease and desist any and all collection activity.

9. On Thursday, December 30, 2010, Plaintiff received another voice message, again from Joe McKinley, who stated that they were scheduled to be at her residence between 2 pm and 4 pm, that she should have a valid identification to complete the service, and that he'd "see her later today."  Again, McKinley stated that if Plaintiff was not home to receive service, then service would be completed at her place of employment the next day.

10. December 30, 2010 came and went and nobody attempted service of any type of process at Plaintiff's residence.  Further, no attempt at service of any type was made at Plaintiff's place of employment on December 31, 2010 or any other day.  Defendant did not file suit against Plaintiff in any jurisdiction, despite its promise to do so.  Upon information and belief, Defendant had no intention of filing any type of lawsuit against Plaintiff.

**First Claim for Relief**

**(Fair Debt Collection Practices Act)**

11. Plaintiff realleges paragraphs 1 – 10 as though fully set forth herein.

12. Plaintiff is a "debtor" as defined by the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692a, although she denies that she owes any amount of the alleged "debt."

13. Defendant is a "debt collector" as defined by the FDCPA, § 1692a.

14. Defendant violated the FDCPA in one or more of the following ways:

   a) making false or misleading representations;

   b) failing to disclose in an initial written communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

   c) failing to send Plaintiff the information required by § 1692g(a);

   d) causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse or harass Plaintiff;

   e) failing to cease communication with Plaintiff after receiving written notice that Plaintiff refused to pay the debt and/or that Plaintiff wished further communication to cease;

   f) communicating with Plaintiff after learning that Plaintiff was represented by an attorney on the debt and learning the attorney's name, address and telephone number;

   g) continuing collection activities after receipt of plaintiff's dispute without sending validation of the debt;

   h) misrepresenting the character, amount, and legal status of the alleged debt;

   i) threatening to take legal action, without actually intending to do so;

   j) failing to inform the Plaintiff that the communication was an attempt to collect a debt;

k) failing to identify itself as a debt collector;

l) failing to identify the debt, the original or present creditor, or the amount allegedly owed; and/or

m) making threats that it had no intention, and did not in fact pursue, including but not limited to the threat of filing and/or serving legal process.

15. As a result of Defendant's failure to comply with the requirements of the FDCPA, Plaintiff has suffered actual damages, including interference with her normal and usual activities, worry, fear, distress, frustration, embarrassment, and humiliation, for which she seeks damages in an amount to be determined by the jury, in addition to statutory damages in an amount to be determined by the Court.

16. Plaintiff requests her attorney fees pursuant to the FDCPA, § 1692k(a)(3).

## Second Claim for Relief
### (Intentional Infliction of Emotional Distress)

17. Plaintiff realleges paragraphs 1 – 10 as though fully set forth herein.

18. Defendant engaged in extreme and outrageous methods in its attempt to collect a debt from Plaintiff before it had even notified Plaintiff of its intent to collect some debt from some entity, which to this day, remains unknown.

19. As a result of Defendant's intentional infliction of emotional distress, Plaintiff has suffered, and continues to suffer, actual damages, including invasion of privacy, interference with her normal and usual activities, emotional distress worry, fear, frustration, embarrassment, and humiliation, for which she seeks damages, including both

general and special damages, in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

### Third Claim for Relief

**(Invasion of Privacy)**

20. Plaintiff realleges paragraphs 1 – 10 as though fully set forth herein.

21. Defendant engaged in unreasonably coercive methods in its attempt to collect a debt from Plaintiff and made threats it had no intention, and did not in fact pursue.

22. As a result of Defendant's invasion of privacy, Plaintiff has suffered, and continues to suffer, actual damages, including invasion of privacy, interference with her normal and usual activities, emotional distress, worry, fear, frustration, embarrassment, and humiliation for which plaintiff seeks damages, including both general and special damages, in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief in her favor as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury;
2. General and special damages to be determined by the jury;
3. Statutory damages; and
4. Attorneys' fees.

On the Second and Third Claims for Relief:

1. Actual damages to be determined by the jury;
2. General and special damages to be determined by the jury; and

6

3.  Punitive Damages to be determined by the jury.

    On All Claims for Relief:

    1.  Costs and expenses incurred in the action; and
    2.  Such other and further relief as is appropriate.

    PLAINTIFF DEMANDS A TRIAL BY JURY.

DATED this 24th day of February, 2011.

LAW OFFICES OF MARC R. MICHAUD

/s/ *Marc R. Michaud*
Marc R. Michaud, La. Bar No. 28962
700 Camp Street, Ste. 401
New Orleans, LA 70130
(504) 267-1657 (Telephone)
(504) 267-1656 (Facsimile)
marc@marcmichaudlaw.com (Email)
Attorney for Laura Michaud
